UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RENITA C. HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>        Defendant. | No. 1:21-cv-01676-RLY-DLP |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff, Renita C. H., applied for and was denied Social Security disability insurance benefits after a hearing before an Administrative Law Judge ("ALJ"). She now requests that this court review the ALJ's decision. The matter was referred to Magistrate Judge Pryor, who issued a Report and Recommendation ("R&R") recommending that the ALJ's decision be reversed and remanded for further consideration of Renita's subjective migraine symptoms. Judge Pryor also considered several other issues but did not recommend remand on those issues. Only Acting Commissioner of Social Security Kilolo Kijakazi ("the Commissioner") objected. The court **OVERRULES** the Commissioner's objection, **ADOPTS** Judge Pryor's R&R, **REVERSES** the ALJ's denial of benefits, and **REMANDS** for further proceedings consistent with this Order.

**I.    Factual Background**

The court recounts only the facts relevant to the Commissioner's objection. On January 27, 2019, Renita applied for Title II disability insurance benefits. (Filing No. 10-5 at 2–3, R. 194–95). She alleged disability resulting from major depressive disorder,

1

fibromyalgia, postural orthostatic tachycardia syndrome ("POTS"), gastric motility disorder, and migraines with and without aura. (Filing No. 10-6 at 7, R. 210). After the Social Security Administration ("SSA") denied Renita's claim both initially and on reconsideration, (Filing No. 10-3 at 50, 69, R. 105, 124), Renita was granted a request for a hearing, (Filing No. 10-4 at 23, R. 146).

On October 1, 2020, ALJ Marc Jones conducted a telephonic hearing at which Renita and vocational expert Diamond Warren appeared. (Filing No. 10-2 at 35, R. 34). The ALJ found that Renita had the Residual Functional Capacity ("RFC") to work as an office helper, a mail clerk, a cafeteria attendant, and a storage rental clerk. (*Id.* at 25–26, R. 24–25). He therefore issued an unfavorable decision, finding Renita was not disabled. (*Id.* at 14–26, R. 13–25). Renita's request for review by the Appeals Council was denied, making the ALJ's decision final. (*Id.* at 2–5, R. 1–4). She now seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

The court referred this matter to Magistrate Judge Pryor. Judge Pryor considered Renita's contention that the ALJ erred in his assessment of the opinions of Renita's treating physicians and consultative examiners. (Filing No. 17, R&R at 8). She found the ALJ did not err in his consideration of the opinions from consultative physician Gregory French, M.D., consultative psychologist Paul Roberts, Ph.D., and Plaintiff's neurologist Robert Wilson, M.D. (*Id.* at 10–17). She did not recommend remand for further consideration of these opinions, and Renita did not object.

Judge Pryor then considered the ALJ's analysis of Renita's subjective symptoms, (*id.* at 17–25), all of which the ALJ found inconsistent with the record, (Filing No. 10-2

2

at 23, R. 22). While the ALJ discussed Renita's subjective symptoms related to migraines, fibromyalgia, and POTS, Judge Pryor only found error in the ALJ's discussion of Renita's migraines. (R&R at 20, 25).[1]

In relevant part, the ALJ reasoned: "The claimant testified that she has migraines but the record continually shows that they are improved with Botox injections." (Filing No. 10-2 at 23, R. 22). The ALJ also noted that Renita had "minimal migraines" while on medication. (*Id.*). Judge Pryor found that the ALJ left out important context for the claim that Renita's headaches were managed by treatment. (R&R at 21). For example, the ALJ failed to acknowledge that Renita had to switch medications multiple times due to waning effectiveness or unpleasant side effects. (Filing No. 10-7 at 108–09, R. 391–92).

Furthermore, while Renita did admit that the frequency of her headaches improved with medication usage and Botox injections, she still had migraines three to four times per month. (Filing No. 10-2 at 21, R. 20). These migraines were accompanied by pain and nausea. (*Id.* at 49, R. 48). Typically, Renita testified, "the only thing that will help is medication and being in as close to complete darkness as I can get." (*Id.*). And Renita's testimony regarding the frequency of her migraines is consistent with her statements provided to her doctors. (Filing No. 10-11 at 19, 45, 51, 62, R. 2028, 2054, 2060, 2071).

The ALJ noted that Renita had normal clinical findings, including intact gait and strength. (Filing No. 10-2 at 23, R. 22). But Judge Pryor reasoned, "Even if Renita had

---

[1] Judge Pryor did not address Renita's subjective symptoms of other conditions because the migraine issue was sufficient to recommend remand.

none of the headache symptoms noted above during her medical examinations, this may only suggest that Renita did not have a headache at the time of the appointment, rather than revealing anything about the frequency or severity of her headache symptoms." (R&R at 22). She emphasized that "no medical source opined that normal mental or physician examinations were inconsistent with complaints of severe headache symptoms." (*Id.*).

Finally, Judge Pryor found error in the ALJ's failure to adequately consider the effect of Renita's continuing migraines on her absenteeism. The ALJ questioned the vocational expert at the hearing about potential employers' acceptance of absenteeism, and the expert responded that one absence per month is typically allowed but no more than eight total throughout a year. (Filing No. 10-2 at 55, R. 54). However, discussion of absenteeism is missing from the ALJ's opinion and the final RFC determination. (*See id.* at 25–26, R. 24–25). Without such discussion and given that Renita still suffered three to four migraines per month that caused her to go into a dark room for several hours, Judge Pryor found it "unclear how the ALJ concluded that Renita would not miss more than one day of work per month." (R&R at 25). She also noted that the ALJ did not discuss that Renita's insurance has at least once denied her authorization for Botox injections, resulting in almost daily migraines. (Filing No. 10-11 at 45, R. 2054). Judge Pryor accordingly recommended remand for further consideration of Renita's subjective migraine symptoms. (*Id.*).

The Commissioner objected, arguing that the evidence the ALJ did cite was sufficient. In support, the Commissioner points to a September 2020 medical report

4

stating that Renita's headaches were "stable and well controlled on botox." (Filing No. 10-10 at 33, R. 1567). In addition, a July 2020 medical record details how Botox and medication (Topiramate) helped her migraines, and that she had no migraines at all while the Botox was active. (Filing No. 10-11 at 62, R. 2071).

## II.   Standard of Review

The court reviews *de novo* the portions of the Magistrate Judge's Report and Recommendation to which objections have been filed. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). An agency's decision will be upheld so long as it applies the correct legal standards and is supported by substantial evidence. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). The ALJ must build an "accurate and logical bridge" between the evidence and his conclusions. *Id.* (citation omitted). While an ALJ is not required to address in writing every piece of evidence or testimony presented, *id.*, he cannot ignore evidence which undermines his conclusions. *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012).

## III.   Discussion

"In evaluating a claimant's credibility, the ALJ must comply with SSR 16-3p and articulate the reasons for the credibility determination." *Karen A. R. v. Saul*, No. 1:18-cv-02024, 2019 WL 3369283, at *5 (S.D. Ind. July 26, 2019). SSR 16-3p lays out a two-step process for evaluating a claimant's subjective symptoms: (1) determine whether the individual has a medically determinable impairment that could reasonably be expected to produce the individual's alleged symptoms, then (2) evaluate the intensity and persistence of an individual's symptoms, such as pain, and determine the extent to which an

individual's symptoms limit her ability to perform work-related activities. *Id.* (citing SSR 16-3p, 2017 WL 5180304 at *4). The ALJ must adequately explain his credibility determination and it must be supported by substantial evidence. *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014). The court agrees with Judge Pryor that the ALJ erred by failing to adequately explain why he discounted Renita's subjective migraine symptoms.

The ALJ reasoned that Renita's migraines were effectively managed by medication and Botox, but he failed to explain why he discounted evidence that Renita continued to experience migraines even after Botox treatments. For example, Renita testified at the hearing that she still gets migraines three to four times per month, (Filing No. 10-2 at 49–50, R. 48–49), and that statement is consistent with her statements to her doctors regarding the frequency of her migraines, (*see, e.g.*, Filing No. 10-11 at 19, R. 2028 ("Botox for her migraines has reduce[d] [them] to just 3-4 per month [compared to] daily before.")). Moreover, while the ALJ noted that Renita had relatively normal clinical findings, no doctor opined that Renita's medical records were inconsistent with complaints of severe headaches. *Cf. Wessel v. Colvin*, No. 4:14-cv-00055, 2015 WL 5036775, at 4–7 (S.D. Ind. Aug. 4, 2015). Nor is it unusual that no doctor discounted Renita's subjective symptoms, as the cause of migraines is not always verifiable—even by an MRI. *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014), *as amended on denial of reh'g* (Oct. 24, 2014).

In addition, the ALJ failed to discuss the evidence in the record showing that Renita has experienced lapses in insurance authorization for Botox at least once, which resulted in "almost daily" migraines and headaches. (*Id.* at 45, R. 2054). The ALJ did

6

not explain why Renita's migraines were not disabling during this time or at any other time during which her insurance denied authorization for Botox injections. *Cf. Overton v. Saul*, 802 F. App'x 190, 193 (7th Cir. 2020) (considering period in which plaintiff lacked insurance authorization for Botox treatments but concluding that her migraines were not disabling during even that period).

      Because the ALJ failed to adequately explain why he discounted Renita's subjective migraine symptoms occurring even after Botox treatments and during the period (or periods) in which her coverage lapsed, he also failed to articulate the effect of Renita's migraines on her absenteeism. If an employer will not tolerate more than one absence per month, (Filing No. 10-2 at 55, R. 54), and Renita experienced three to four migraines per month that forced her to take medication and lay in a dark room for hours at a time, (*id.* at 49–50, R. 48–49), it is unclear how she would not be absent more than one day per month. *Moore v. Colvin*, 743 F.3d 1118, 1127 (7th Cir. 2014) (ALJ should have included likelihood of missing work due to migraines as a factor in the RFC determination).

      In short, the ALJ did not adequately articulate why he discounted Renita's subjective migraine symptoms and their likely effect on absenteeism. Therefore, the court remands for further consideration of these issues.

## IV.     Conclusion

For the reasons stated above, the court **OVERRULES** the Commissioner's objection (Filing No. 18), **ADOPTS** Magistrate Judge Pryor's Report and Recommendation (Filing No. 17), **REVERSES** the ALJ's decision denying benefits, and **REMANDS** this matter for further consideration consistent with this Order.

**IT IS SO ORDERED** this 30th day of September 2022.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.